UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NOEL A. DAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01888 ERW |
| | ) | |
| ROBINWOOD WEST COMMUNITY | ) | |
| IMPROVEMENT DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion for Preliminary Injunction [doc. #16]. A hearing was held on April 28, 2009, and the Court heard arguments from the Parties on this Motion. Plaintiffs seek a preliminary injunction enjoining Defendant Robinwood West Community Improvement District, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them, from permitting any qualified voter to receive, cast, or have counted more than one vote in any election.

## I.     BACKGROUND

The Robinwood West Community Improvement District ("Defendant") is a political subdivision. Beginning with its June 10, 2008 Board of Directors election, Defendant started sending ballots to registered voters and the owners of property within the district's boundaries. If an individual owns property in the district and is a registered voter, they would receive two ballots. Someone who is a registered voter and the owner of two pieces of property in the district would receive three ballots, and so forth. In sum, while some voters only receive one ballot, others receive and cast multiple ballots. Prior to the June 10, 2008 Board of Directors election,

qualified voters - whether qualified as a registered voter or a property owner - only received one ballot.

Defendant contracts with and pays the St. Louis Board of Elections to mail and tally ballots. Defendant is responsible for determining that an election shall be held, the date for the election, and what is included on the ballot. Defendant provides the St. Louis Board of Elections with directions on how to publish notice of the election, when to mail ballots, what to establish as the deadline for receiving ballots, and how to define "qualified voter." The next Board of Directors election is scheduled for June 9, 2009, and ballots for that election will be mailed to qualified voters between May 25, 2009 and May 29, 2009.

## II.     LEGAL STANDARD

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1065 (8th Cir. 1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114).

The "[f]actors are not a rigid formula . . . 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Branstad v.*

*Glickman*, 118 F. Supp. 2d 925, 938 (N.D. Iowa 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).  No one factor is dispositive of a request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction."  *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir. 1987).  The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.*  In this case, the Court finds that the *Dataphase* factors have been satisfied, and a preliminary injunction will be issued.

## III.  DISCUSSION

The first *Dataphase* factor weighs in favor of Plaintiffs; the Court concludes that Plaintiffs will likely succeed on their claims.  Plaintiffs have brought this action alleging violations of the Equal Protection Clause of the Fourteenth Amendment and Article 1, § 2 of the Missouri Constitution.  Because the Court finds that Plaintiffs are likely to succeed on their claim under the Equal Protection Clause, the Court will not apply this analysis to Plaintiffs' claim under the Missouri Constitution.

"[T]he Equal Protection Clause guarantees the opportunity for equal participation by all voters."  *Reynolds v. Sims*, 377 U.S. 533, 566 (1964).  This is known as the "one person, one vote" rule, and it guarantees that every individual's vote is weighed equally.  *Id.* at 558.  Because voting is a "fundamental political right," it is subject to strict scrutiny.  *Miller v. Moore*, 169 F.3d 1119, 1125 (8th Cir. 1999); *Romer v. Evans*, 517 U.S. 620, 650 n.3 (1996).  By giving some individuals more votes than others, Defendants have diluted the voting power of some qualified voters.  It is well established that the right to vote "can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the

franchise." *Bush v. Gore*, 531 U.S. 98, 105 (2000) (quoting *Reynolds*, 377 U.S. at 555). As a result, the voting system enacted by Defendant is unconstitutional.

Defendant asserts that it is not responsible for this alleged constitutional violation, and states that Plaintiffs should have brought this lawsuit against the St. Louis Board of Elections. The Court has reviewed the materials provided by the Parties, and finds that the Plaintiffs have presented sufficient evidence that the St. Louis Board of Elections provides a perfunctory service for Defendant, while Defendant is the chief decision maker, dictating the substance of ballot issues. The Court believes that the correct party has been sued, and notes that the proposed injunction encompasses the St. Louis Board of Elections because it states that it applies to Defendant's officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them. The Court finds that Plaintiffs are likely to succeed on their claim under the Equal Protection Clause. This *Dataphase* factor weighs in favor of Plaintiffs.

The second factor also weighs in favor of Plaintiffs. These Plaintiffs are threatened with an irreparable harm because, absent a preliminary injunction, their votes will be diluted in the upcoming June 9, 2009 election. "An abridgement or dilution of the right to vote constitutes irreparable harm." *Montano v. Suffolk County Legislature*, 268 F.Supp.2d 243, 260 (E.D.N.Y. 2003) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). This factor weighs strongly in Plaintiffs' favor.

The final two factors also weigh in favor of Plaintiffs. The balance of harm weighs toward granting an injunction because the harm Defendants face in altering its election procedures is minimal, while it is clear that Plaintiffs will continue to suffer harm from the infringement of their First Amendment rights. Finally, the Court finds that the issuance of a preliminary injunction is in

the public interest as "it is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007).

All four factors weigh in favor of Plaintiffs. The Court must consider all of the factors and decide whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc.*, 28 F.3d at 1472. The balance of the factors weigh in favor of granting the preliminary injunction Plaintiffs seek.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction [doc. #16] is **GRANTED.** Defendant Robinwood West Community Improvement District, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them, are enjoined from permitting any qualified voter to receive, cast, or have counted more than one vote in any election.

Dated this <u>29th</u> day of <u>April</u>, 2009.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE